## MATTER OF HYATT

In Visa Petition Proceedings

DET-N-3549

*Decided by District Director October 20, 1967*

Beneficiaries, musicians, who are coming to the United States to perform for 10 hours on week ends only over a period of 4 weeks at a steak house and cocktail lounge located within 50 miles of the United States-Canadian border, are accorded nonimmigrant classification under section 101(a)(15)(H)(ii) of the Immigration and Nationality Act without the necessity of presenting an individual Labor certification as required by 8 CFR 214.2(h)(2)(ii) since the proposed employment comes within the purview of the blanket certification issued by the Department of Labor on August 2, 1967, effective for an indefinite period, stating that qualified musicians are unavailable in the area designated as 50 miles into the United States along the United States-Canadian border and that the admission of aliens for employment as musicians in that area for periods not in excess of 6 months * would not adversely affect the wages and working conditions of workers in the United States similarly employed.

The petitioner, David L. Hyatt, is the owner and operator of Hyatt's Lounge, 31150 Palmer Street, Westland, Michigan. The establishment is a steak house and cocktail lounge which employs two bartenders, one cook, four waitresses and has a seating capacity of one-hundred seventy-five patrons. Entertainment is provided on weekends by a small dance band or so-called dance combo. The general class of patrons is described as mature adult. The petitioner, under oath before an officer of this Service, stated that his establishment was opened in January 1963 and enjoys a good reputation in the local community. A letter from the chief of the Westland Police Department confirms the petitioner's statement.

In order to meet the requirements of the statute and the pertinent regulation, 8 CFR 214.2(h)(2)(ii), it must be established, *inter alia*, that the alien beneficiary is coming to the United States to perform temporary services; that unemployed persons capable of performing such services or labor cannot be found in this country; and that the

---

* See note, page 592.

employment of the beneficiaries will not adversely affect the wages and working conditions of workers in the United States similarly employed.

The beneficiaries, Robert M. Dowhan, age 25, and Roland J. Rosik, age 26, are native born citizens of Canada. Both are members of the Windsor Federation of Musicians, Local 566 of the American Federation of Musicians. A standard musician's contract, signed by the beneficiaries, reflects that they will perform for five hours on Friday and Saturday night, respectively, for a period of four weeks and will be compensated at the rate of one-hundred forty dollars per week.

The Department of Labor has furnished this Service with a blanket certification reflecting its determination that qualified musicians are unavailable in the Canadian-United States border area, designated as 50 miles into the United States along the Canadian border, and that the admission of aliens for employment as musicians in that area for periods not in excess of six months* would not adversely affect the wages and working conditions of workers in the United States similarly employed. By its terms, it is effective from the date of issuance, August 2, 1967, until withdrawn by that Department.

Since the petitioner's place of business lies well within the described border area; the employment is temporary in nature and for a period of less than 6 months, the proposed employment is within the blanket certification referred to. Also, that certification is considered to be the equivalent of the individual certification normally required in this type of visa petition. Therefore, presentation of an individual certification by the petitioner is not required.

*It is ordered* that the petition be approved for classification as temporary worker under section 101(a)(15)(H)(ii) of the Immigration and Nationality Act, valid to October 25, 1967.

---

* *Note:* By letter 1/17/68 the Department of Labor reduced the precertified maximum period of employment from six months to 30 days, effective February 1, 1968.